[754 NYS2d 905]

In the Matter of BERNARD E. DAVIS (Admitted as BERNARD EZRA DAVIS), an Attorney, Resignor.

Second Department, February 10, 2003

### APPEARANCES OF COUNSEL

*Jerome Karp*, Brooklyn, for resignor.

*Gary L. Casella*, White Plains (*Gary D. Egerman* of counsel), for Grievance Committee for the Ninth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Bernard E. Davis has submitted an affidavit, dated October 9, 2002, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Davis was admit-

ted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 21, 1973, under the name Bernard Ezra Davis.

Mr. Davis acknowledges that he is the subject of an investigation by the Grievance Committee concerning his failure to return funds held pursuant to a contract of sale, as well as other irregularities in his escrow account, and that he failed to register with the Office of Court Administration. He admits that he cannot successfully defend himself on the merits of any disciplinary charges which may be brought against him based upon those circumstances and, therefore, submits his resignation pursuant to 22 NYCRR 691.9.

Mr. Davis avers that his resignation is freely and voluntarily tendered and that he is not subject to coercion or duress by anyone. He has discussed his decision to resign with his attorney and others whose advice and counsel he respects and is fully aware of the implications of submitting a resignation, including being barred by Judiciary Law § 90 and the Court rules from seeking reinstatement for at least seven years.

Mr. Davis is aware that pursuant to Judiciary Law § 90 (6-a), any order permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied, or to reimburse the New York Lawyers' Fund for Client Protection for same. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the proffered resignation.

Inasmuch as Mr. Davis' resignation complies with all appropriate Court rules, it is accepted, and, effective immediately, he is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the resignation of Bernard E. Davis is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bernard E. Davis is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Bernard E. Davis shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bernard E. Davis is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the resignor's request for an extended period of time in which to wind up his practice is denied.